IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MONTEREY RESEARCH, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ADVANCED MICRO DEVICES, INC.,<br><br>    Defendant. | Civil Action No. 6:21-cv-00839-ADA<br><br>Civil Action No. 6:21-cv-00840-ADA |

### DISCOVERY ORDER

Before the Court is Plaintiff's motion to compel more complete responses to venue discovery requests to include information relating to Defendant's employees located outside of the Western District of Texas.

**Plaintiff's Statement:**

AMD moved to transfer venue to the Austin Division, relying on a declaration that purports to identify witnesses located in that division. To test AMD's allegations regarding witness convenience, Monterey served venue discovery requests to ascertain (1) who worked on the accused products, (2) what work they performed, and (3) where they are located.

"When analyzing this factor, the Court should consider all potential material and relevant witnesses." *Kajeet v. Trend Micro*, 2022 WL 126490, at *4; *USC v. Facebook*, 2021 WL 860007, at *3. "[T]he opening inquiry should be 'where are the relevant witnesses located?'; not 'are there relevant witnesses located in [transferee forum]?'" *Monterey v. Broadcom*, W-21-cv-00541-ADA, Dkt. 70 at 14. AMD's motion and declaration, however, turned this inquiry on its head. Instead of inquiring which employees are relevant and then determining where they are located, AMD

1

simply identified 11 employees in Austin who purportedly did some unspecified work with the accused products.  (Case -839, Dkt. 45-1; Case -840, Dkt. 44-1 ¶11.)

Monterey thus seeks to discover who are the relevant witnesses.  But AMD refuses to identify the names of who worked on the accused products, let alone what they did and where they are located.  Aside from interrogatory responses and transcripts from the unrelated Future Link case, the only two documents that AMD produced are tables that purport to provide total headcounts of U.S.-based employees that work in various high-level groups.  (AMD-MRL-0000078; AMD290-0160012.)  Those tables are untethered to the infringement allegations in this case.  The tables do not identify a single AMD employee, let alone which employees worked on which accused products.  The tables do not even identify which AMD teams worked on which accused products.  They lack the specificity required to evaluate the issue of witness convenience.

AMD also has refused to provide discovery concerning relevant employees in AMD's non-U.S. locations, such as Canada.  AMD incorrectly assumes that only witnesses located in Austin and Waco are relevant to the witness convenience factor.  But the Court should consider all potential relevant witnesses.  Pertinent witnesses located outside of Waco/Austin—including elsewhere in Texas (e.g., Dallas); elsewhere in the U.S. (e.g., Colorado); and outside the U.S. (e.g., Canada)—are relevant to witness convenience.  *USC*, *4 (discussing witnesses in Dallas); *Monterey*, 23-24 (discussing witnesses in Israel).

Monterey has taken reasonable steps to address any purported concerns regarding breadth and burden.  Monterey offered to narrow its employee-related requests to those who worked on the accused functionalities.  AMD refused that offer.  Monterey also suggested that AMD search its HR or other databases for the names, job titles/responsibilities, and locations of AMD team members who worked on the accused products.  AMD refused to do so.

AMD may not win a motion to transfer venue by withholding discovery relevant to that motion.  Monterey is entitled to a complete venue record so it can test AMD's assertions.  And the Court is entitled to a complete venue record so it can resolve AMD's motion.  The Court should order AMD to provide the requested venue discovery.

**Defendant's Statement:**

Monterey seeks the identification of thousands of AMD employees on a name-by-name basis.  The only transfer factor to which this relates is the cost of attendance of willing party witnesses.  AMD's motion seeks transfer between the Waco and Austin Divisions.  AMD has provided significant discovery relevant to the relative convenience of party witnesses between Waco and Austin, but Monterey still seeks the names and work functions of all employees.

Ignoring the Court's guidance from the 1/28/2022 hearing, Monterey continues to press for information grossly disproportionate to the needs of this case.  During the hearing, the Court addressed whether discovery of AMD's Austin employees on a name-by-name basis was disproportionate where AMD had identified numerous potential Austin witnesses and agreed to provide discovery on all potential witnesses in Waco.  The Court was skeptical that Monterey was really seeking such burdensome production and stated "the number of [relevant AMD employees] in Austin could be 8 or 8 million" and it would not affect the convenience analysis.  1/28/22 Hrg. Tr., 12:6-21.  Yet, Monterey continues to demand the names and job functions of all Austin employees.

Monterey argues that its requests are limited to employees whose job function relates to the accused products, but Monterey does not dispute that the accused products cover nearly every AMD product.  1/28/22 Hrg. Tr., 4:13-5:23.  Thus, Monterey's request would require identification of thousands of employees.  Limiting to "accused functionalities" fares no better because Monterey

3

refused to identify accused features for purposes of venue discovery, and instead points to its infringement contentions which broadly cover virtually all aspects of AMD's products.

Monterey's request does not stop in Austin; it also seeks the identification on a name-by-name basis of employees outside of Texas. In granting transfer in a case brought by Monterey's sister company against AMD, the Court "accord[ed] little to no weight to the convenience of [plaintiff's] employees and potential party witnesses outside Texas … given the short distance separating Austin and Waco." *Future Link v. AMD* (6:20-cv-01176-ADA), Dkt. 54 at 7. Thus, employee-level discovery outside of Texas is grossly disproportionate to the needs of this case.

Remarkably, Monterey also seeks the names of every AMD employee worldwide. The Court's analysis with respect to out-of-state witnesses applies equally here.

To date, AMD has: (1) identified numerous relevant Austin employees; (2) confirmed it has no employee working in Waco; (3) identified all employees who reside in the Waco Division, including their names, residences, and job functions; (4) produced headcount summaries for all 53 US locations across 47 groups; and (5) produced all venue discovery and transcripts from the related Future Link case. As this discovery confirms, most of AMD's US employees – 2,900 out of 5,600 – work in Austin and none work in Waco. AMD has tried to work with Monterey to narrow discovery, but Monterey refuses to settle for anything less than the names and job functions of thousands of AMD employees. Monterey's demand has little or no relevance and is grossly disproportionate to the needs of the case.

## ORDER

Plaintiff's requested relief is DENIED. In addition, during the March 4, 2022 hearing, the Court provided guidance to the Parties regarding the scope and conduct of an upcoming deposition of AMD's corporate representative regarding certain disputed venue issues.

IT IS SO ORDERED this 11th day of March, 2022

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE